No. 16,116.

JORGENSEN *v.* FUNK.
(205 P. [2d] 654)

Decided April 11, 1949.

Messrs. AUSTIN & KONKEL, for plaintiff in error.

Messrs. MUNSON & KREAGER, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

PLAINTIFF (in error. here), owning and conducting a "public eating house, known as Schell's Chateau, near Sterling," sued defendant in error, a farmer and chicken raiser in the near-by countryside, for damages. On trial to a jury, defendant enjoyed a favorable verdict, on which, after denial of motion for new trial the court adjudged that he should recover his costs.

As abstracted in behalf of plaintiff, she alleged in her complaint that the parties entered into an oral contract to the effect that defendant was to furnish and deliver to her "approximately four hundred fifty

chickens, alive, but ready to be killed and dressed," the chickens to be in "perfect condition and none to be under two and one-half pounds live weight, and to be of similar quality to the samples presented," alleged to be "six dressed chickens, weighing two and one-half to three pounds each, dressed, in excellent condition for preparation for eating." Plaintiff further alleged, that, while the original six chickens were satisfactory in every particular, when defendant brought to the plaintiff four hundred forty-eight more chickens, which chickens were left at the direction of the plaintiff, "but which were not inspected by the plaintiff at the time of delivery for size and condition, because of the press of other matters on the plaintiff at that moment. Full payment of four hundred ninety-nine dollars and forty cents was made for the chickens at that time. That later in that day * * *, plaintiff examined said chickens and found them to be much under the weight stipulated in the contract, averaging only about two pounds apiece, some being actually only one pound in live weight and that the flock of chickens was found to be infected with both cecal and intestinal forms of coccidiosis, all of which facts the defendant had knowledge at the time of delivery of the chickens. That because of the smallness and the infection in the flock, all said chickens were in such condition as not to be deliverable under the contract between the parties." Plaintiff further alleged that she "notified the defendant immediately of the condition of said chickens and offered at that time to let defendant retake the chickens upon refund of * * * the purchase price," of which defendant did not make avail.

Defendant answering, as set forth in the abstract, admitted "that he sold to the plaintiff six dressed chickens and agreed to deliver additional chickens of the same quality to the said plaintiff. Alleges that he delivered and sold to the plaintiff after careful inspection by the

plaintiff as to size and condition the chickens as alleged in the complaint and that he was paid in full therefor. Defendant denies that there was any representation as to the weight of the chickens so delivered; the chickens being purchased after inspection and approval. That at the time of delivery said chickens were not infected with any form of coccidiosis, and defendant denies that he had any knowledge, information or belief that said chickens were infected in any way whatsoever. Defendant denies all other allegations of plaintiff's complaint."

[1] Preliminarily, it is to be remarked that plaintiff in error does not challenge any ruling of the court relative to the admission of evidence, instructions given to the jury, or otherwise, save and except she emphasizes that the "court erred in not granting plaintiff's motion for a directed verdict." This claim is based upon the assertion "that there was no evidence upon which to base a verdict for the defendant."

We have been at pains to read and reread the evidence in extenso. While not pausing to review the showing in detail, we are unable to conclude that there were not "two sides" to this controversy, or that the claims of either side were void of evidentiary support. Defendant testified that the chickens he delivered were not diseased, and that they compared favorably with samples previously delivered. Witnesses in his behalf testified that they bought chickens from the same flock, both shortly before and soon after the time defendant delivered the chickens in question, and that the chickens they bought were in good condition and free from disease. We have not failed to note the evidence adduced contra, lay and expert, nor do we venture to announce where the truth lies. The involvements, the inconsistencies, the unusual circumstances attending, rarely so prevalent, leave us wholly unconvinced. Were we a fact finding body, "not so," as our distinguished former Chief Justice Denison was wont to say, study of the

record here would compel us to confession of perplexity. But out of our perplexity, as seems clear, the answer stands revealed. An arm of the trial court, called the jury, no doubt troubled not a little as it wrestled with the problem involved, but being required, nevertheless, to make determination, found the issues in favor of defendant. It is important, of course, that there shall be resolution of difficulties between men, and so far as may be, such difficulties should be correctly resolved. Students of jurisprudence appreciate, however, that, at best, judgments of men are but approximations of justice. On occasion, indeed, the most deserving, and, so far as we know, the present inquiry may be an instance, may suffer an injustice. All we can say in that connection here is, that plaintiff has enjoyed a trial at the hands of a nisi prius judge who is reputed to be of keen discernment, and a lover of justice. The manner in which he conducted the trial, and his instructions to the jury, as well, as we have observed, have not been challenged. The sole point is that the judge believed the evidence was of such nature, and so in conflict, that prescribed procedure required that the case be submitted to the jury. Our study does not convince us to the contrary.

Let the judgment be affirmed.

MR. JUSTICE HAYS and MR. JUSTICE ALTER concur.